1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>    Plaintiff,<br><br>    vs.<br><br>WORLDWIDE ENERGY AND MANUFACTURING USA, INC., JIMMY YONG WANG, MINDY MING WANG, JEFFREY FORBES WATSON, ,<br><br>    Defendants. | Case No. 12-cv-4651 YGR<br><br><br>**FINAL JUDGMENT AS TO WORLDWIDE ENERGY AND MANUFACTURING USA, INC. <u>AS MODIFIED BY THE COURT</u>** |

**FINAL JUDGMENT
OF WORLDWIDE ENERGY AND
MANUFACTURING USA, INC.**

1
2
3
4
5
6
7

The Securities and Exchange Commission having filed a Complaint and Defendant Worldwide Energy and Manufacturing USA, Inc. ("Defendant") having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure; and waived any right to appeal from this Final Judgment:

8

I.

9
10
11
12
13
14
15
16

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with any of them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

17

(a)     to employ any device, scheme, or artifice to defraud;

18
19
20

(b)     to make any untrue statement of a material fact or to omit to state a material act necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

21
22

(c)     to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

23

II.

24
25
26
27
28

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or

-2-

FINAL JUDGMENT
OF WORLDWIDE ENERGY AND
MANUFACTURING USA, INC.

instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

      (a)      to employ any device, scheme, or artifice to defraud;

      (b)      to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

      (c)      to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

III.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this final judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 13(a) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78m(a)] and Rules 12b-20, 13a-1, 13a-11, and 13a-13 promulgated thereunder [17 C.F.R. §§ 240.12b-20, 240.13a-1, 240.13a-11, and 240.13a-13] by failing, with respect to any issuer which has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78*l*] or Section 15(d) of the Exchange Act [15 U.S.C. § 78o], to file with the Commission such accurate and complete information, reports, statements, or documents as are required to be filed with the Commission pursuant to Section 13(a) of the Exchange Act [15 U.S.C. § 78m(a)] and the Commission's rules thereunder, including, but not limited to, quarterly reports on Form 10-Q [17 C.F.R. § 249.308a] as prescribed by Commission Rule 13a-13 [17 C.F.R. § 240.13a-13], current reports on Form 8-K [17 C.F.R. § 249.308] as prescribed by Commission Rule 13a-11 [17 C.F.R. § 240.13a-11], and annual reports on Form 10-K [17 C.F.R. § 249.308] as prescribed by Commission Rule 13a-1 [17 C.F.R. § 240.13a-1], and which contain, in addition to the information expressly required to be included such statements or reports, such further material information, if any, as may be necessary to make the required statements, in the light of the circumstances under which they are made, not misleading, as prescribed by Commission Rule 12b-20 [17 C.F.R. § 240.12b-20].

**FINAL JUDGMENT**
**OF WORLDWIDE ENERGY AND**
**MANUFACTURING USA, INC.**

1

2

IV.

3

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's

4

agents, servants, employees, attorneys, and all persons in active concert or participation with them

5

who receive actual notice of this final judgment by personal service or otherwise are permanently

6

restrained and enjoined from violating Section 13(b)(2)(A) of the Exchange Act [15 U.S.C. §

7

78m(b)(2)(A)] by failing, with respect to any issuer which has a class of securities registered pursuant

8

to Section 12 of the Exchange Act [15 U.S.C. § 78*l*] or Section 15(d) of the Exchange Act [15 U.S.C.

9

§ 78o], to make or keep books, records, or accounts, which, in reasonable detail, accurately and fairly

10

reflect the transactions and dispositions of the assets of the issuer.

11

V.

12

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's

13

agents, servants, employees, attorneys, and all persons in active concert or participation with them

14

who receive actual notice of this final judgment by personal service or otherwise are permanently

15

restrained and enjoined from violating Section 13(b)(2)(B) of the Exchange Act [15 U.S.C. §

16

78m(b)(2)(B)] by failing, with respect to any issuer which has a class of securities registered pursuant

17

to Section 12 of the Exchange Act [15 U.S.C. § 78*l*] or Section 15(d) of the Exchange Act [15 U.S.C.

18

§ 78o], to devise and maintain a system of internal accounting controls sufficient to provide

19

reasonable assurances that:

20

A.  transactions are executed in accordance with management's general or specific

authorization;

21

B.  transactions are recorded as necessary (i) to permit preparation of financial statements in

22

conformity with generally accepted accounting principles or any other criteria applicable to such

23

statements, and (ii) to maintain accountability for assets;

24

C.  access to assets is permitted only in accordance with management's general or specific

25

authorization; and

26

D.  the recorded accountability for assets is compared with the existing assets at reasonable

27

intervals and appropriate action is taken with respect to any differences.

28

-4-                     **FINAL JUDGMENT
OF WORLDWIDE ENERGY AND
MANUFACTURING USA, INC.**

VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant shall pay a

civil penalty in the amount of $100,000 pursuant to Section 21(d) of the Exchange Act [15 U.S.C. §

78u(d)] and Section 20(d) of the Securities Act [15 U.S.C. § 77t(d).  Defendant shall make this

payment pursuant to the terms of the payment schedule set forth in paragraph VII. below.

Defendant may transmit payment electronically to the Commission, which will provide

detailed ACH transfer/Fedwire instructions upon request.   Payment may also be made directly from

a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm.

Defendant may also pay by certified check, bank cashier's check, or United States postal money

order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this

Court; Worldwide Energy and Manufacturing USA, Inc. as a defendant in this action; and specifying

that payment is made pursuant to this Final Judgment.

Defendant shall simultaneously transmit photocopies of evidence of payment and case

identifying information to the attention of Marc J. Fagel, Regional Director, at the Commission's San

Francisco Regional Office, 44 Montgomery Street, Suite 2800, San Francisco, California 94104.  By

making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such

funds and no part of the funds shall be returned to Defendant.  The Commission shall send the funds

paid pursuant to this Final Judgment to the United States Treasury. Defendant shall pay post-

judgment interest on any delinquent amounts pursuant to 28 USC § 1961.

VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Worldwide Energy and

Manufacturing USA, Inc. shall pay the penalty due of $100,000 in two installments to the

Commission according to the following schedule: (1) $50,000 within ten (10) business days after

FINAL JUDGMENT
OF WORLDWIDE ENERGY AND
MANUFACTURING USA, INC.

entry of this Final Judgment; and (2) $50,000 within one year of the date of entry of this Final

Judgment.  Payments shall be deemed made on the date they are received by the Commission and

shall be applied first to post judgment interest, which accrues pursuant to 28 U.S.C. § 1961 on any

unpaid amounts due after 14 days of the entry of Final Judgment.  Prior to making the final payment

set forth herein, Worldwide Energy and Manufacturing USA, Inc. shall contact the staff of the

Commission for the amount due for the final payment.

If Worldwide Energy and Manufacturing USA, Inc. fails to make any payment by the date

agreed and/or in the amount agreed according to the schedule set forth above, all outstanding

payments under this Final Judgment, including post-judgment interest, minus any payments made,

shall become due and payable immediately at the discretion of the staff of the Commission without

further application to the Court.

VIII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent of  Defendant

Worldwide Energy and Manufacturing USA, Inc. to Entry of Final Judgment, filed concurrently with

this Final Judgment, is incorporated herein with the same force and effect as if fully set forth herein,

and that Defendant shall comply with all of the undertakings and agreements set forth therein.

IX.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain

jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

X.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil

Procedure, the Clerk is ordered to enter this Judgment forthwith and without further notice.

XIII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain

jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment FOR A

PERIOD OF ONE YEAR FOLLOWING ENTRY OF JUDGMENT.

-6-

**FINAL JUDGMENT
OF WORLDWIDE ENERGY AND
MANUFACTURING USA, INC.**

XIII.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Judgment forthwith and without further notice.

**October 19, 2012**

_____

YVONNE GONZALEZ ROGERS

UNITED STATES DISTRICT COURT JUDGE

-7-

**FINAL JUDGMENT
OF WORLDWIDE ENERGY AND
MANUFACTURING USA, INC.**